IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OWNERS INSURANCE COMPANY,

   Plaintiff,

      v.

JOANNE PARSONS, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-2963-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Defendants Mitchell Chadwick and Linda Chadwick's Motion to Dismiss [Doc. 13]. For the reasons set forth below, the Motion to Dismiss [Doc. 13] is GRANTED.

### I. Background

The Plaintiff Owners Insurance Company issued an automobile insurance policy (the "Policy") to the Defendant Joanne Parsons, which went into effect on May 21, 2013.[1] The Policy provided bodily injury coverage in the amount of $50,000 per person, per occurrence.[2] On October 1, 2013, the Defendant Donald McDaniel –

---

[1]     Compl. ¶¶ 9-10.

[2]     Compl. ¶ 11.

Parsons' son – was driving a vehicle insured under the Policy and was involved in an accident with the Defendant Mitchell Chadwick.[3] Both McDaniel and Chadwick were hospitalized.[4]

Chadwick claimed that McDaniel was at fault.[5] Consequently, on November 11, 2013, counsel for Chadwick sent the Plaintiff a letter making a "time-limited settlement offer" (the "Letter").[6] In particular, the Letter "demanded [the Plaintiff] pay its $50,000 policy limits to settle the claim" and it "also demanded an additional $50,000 from [the] insured."[7] The Letter stated that, in order to accept the offer, the Plaintiff had to deliver a check in the amount of $50,000 within thirty days.[8] The Plaintiff did not satisfy Chadwick's demand.[9] Consequently, on December 19, 2013, Chadwick and his wife – Linda Chadwick – brought suit against Parsons and McDaniel in the State Court of Gwinnett County (the "underlying lawsuit").[10] On

---

[3]     Compl. ¶¶ 12-13.

[4]     Compl. ¶¶ 15-16.

[5]     Compl. ¶ 17.

[6]     Compl. ¶ 20.

[7]     Compl. ¶¶ 25-26.

[8]     Compl. ¶ 50.

[9]     Compl. ¶ 59.

[10]    Compl. ¶ 66.

January 6, 2014, the Plaintiff offered the maximum allowed under the Policy to settle the case, and the Chadwicks declined.[11]

The Plaintiff then brought this action against Parsons, McDaniel, and the Chadwicks. The Plaintiff seeks a declaratory judgment in order to resolve a legal dispute that may arise due to the Plaintiff's initial rejection of Chadwick's settlement offer. In particular, the Plaintiff is concerned that Parsons and McDaniel may file suit based on a theory of liability approved of by the Georgia Supreme Court in Southern General Insurance Co. v. Holt.[12] In Holt, the Georgia Supreme Court reiterated the general proposition that "[a]n insurance company may be liable for damages to its insured for failing to settle the claim of an injured person where the insurer is guilty of negligence, fraud, or bad faith."[13] From there, the Georgia Supreme Court went on to conclude that a plaintiff may establish a claim where "the insurer acted unreasonably in declining to accept a time-limited settlement offer."[14] The court, in a later case, stated that "[i]f an insurer acts in bad faith in refusing to settle a personal claim against its insured within the policy limits, it may be liable for an excess

---

[11]    Compl. ¶¶ 71-72.

[12]    262 Ga. 267 (1992).

[13]    Id. at 268.

[14]    Id. at 269.

judgment entered against its insured."[15] In order to forestall such a lawsuit by Parsons and McDaniel, the Plaintiff seeks a declaratory judgment stating that Chadwick's letter did not constitute an adequate "time-limited settlement offer" under Georgia law.[16] According to the Plaintiff, such a declaration would resolve the potential lawsuit because the Plaintiff cannot be held liable for unreasonably declining a time-limited settlement offer if there was no proper time-limited settlement offer to begin with. The Chadwicks now move to dismiss the Plaintiff's claims. The Chadwicks argue, *inter alia*, that the Plaintiff does not have standing because the requested declarations would not resolve an imminent controversy.

## II. Legal Standard

It "is extremely difficult to dismiss a claim for lack of subject matter jurisdiction."[17] Attacks on subject matter jurisdiction come in two forms: facial attacks and factual attacks.[18] Facial attacks "on the complaint require[ ] the court merely to

---

[15]   Fortner v. Grange Mut. Ins. Co., 286 Ga. 189, 190 (2009).

[16]   Specifically, the Plaintiff requests a declaration stating that "the Letter did not comply with the terms of O.C.G.A. § 9-11-67.1," Compl. ¶ 74, and another declaration stating that "the Letter was not a proper demand contemplated by Holt v. Southern General," Compl. ¶ 85.

[17]   Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256, 1260 (11th Cir. 1997).

[18]   Id. at 1261.

look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[19] Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."[20] When a defendant is making a facial attack, the "plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true."[21]

### III. Discussion

The Chadwicks claim that the Plaintiff lacks standing to seek its requested declaratory judgment.[22] Specifically, the Chadwicks argue that the requested declarations would not resolve a real and immediate controversy. Standing "is a threshold jurisdictional question which must be addressed prior to and independent

---

[19]    Id. (internal quotation marks omitted).

[20]    Id. (internal quotation marks omitted).

[21]    Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

[22]    To be precise, the Chadwicks frame their argument as one challenging the "ripeness" of the Plaintiff's claims. However, in the context of a declaratory judgment claim, the standing and ripeness inquiries overlap. See Elend v. Basham, 471 F.3d 1199, 1205 (11th Cir. 2006) ("[W]hether [the] case is examined through the prism of standing or ripeness, it can be distilled to a single question: whether the Plaintiffs have sufficiently alleged an imminent and concrete threat of future injury").

of the merits of a party's claims."[23] To "demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking . . . declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."[24] Additionally, "[t]he binding precedent in this circuit is clear that for an injury to suffice for prospective relief, it must be *imminent*."[25] At bottom, the "question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[26] And "[t]he plaintiff has the burden to clearly and specifically set forth facts sufficient to satisfy . . . Art. III standing requirements . . . [i]f the plaintiff fails to meet its burden, [the Court] lacks the power to create jurisdiction by embellishing a deficient allegation of injury."[27]

---

[23]   Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted).

[24]   Malowney v. Federal Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999).

[25]   Elend, 471 F.3d at 1207 (emphasis added).

[26]   MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

[27]   Miccosukee Tribe of Indians of Florida v. Florida State Athletic Comm'n, 226 F.3d 1226, 1230 (11th Cir. 2000).

Here, as noted, the "controversy" that would be resolved if the Court were to issue the requested declarations would be a potential lawsuit – brought by Parsons and McDaniel against the Plaintiff – arising from the Plaintiff's refusal to accept Chadwick's time-limited settlement offer. But the allegations in the Complaint do not give rise to a plausible inference that such a lawsuit is imminent. As the Chadwicks point out, the Plaintiff never alleges that Parsons and McDaniel will likely be subject to a judgment in excess of the Policy limit, or that they have suffered (or will suffer) any other harm that will motivate them to assert a negligence claim against the Plaintiff. Indeed, the Plaintiff even acknowledges the speculative nature of the alleged controversy: "[the Plaintiff] and the Chadwicks . . . have adverse legal interests in the sense that the Chadwicks have the ability . . . to acquire any negligence . . . claim from Parsons/McDaniel, *if one exists*."[28] And as the Eleventh Circuit has noted: "a 'perhaps' or 'maybe' chance" of an injury "in the future . . . is not enough to . . . [establish] standing" for prospective relief.[29]

---

[28]    Pl.'s Resp. Br., at 12 (emphasis added).

[29]    <u>Bowen v. First Family Fin. Servs., Inc.</u>, 233 F.3d 1331, 1340 (11th Cir. 2000).

The District Court for the Middle District of Florida reached a similar conclusion in <u>Government Employees Ins. Co. v. Ourso</u>.[30] There, GEICO sought a declaration stating that it had "completely discharged all of its legal obligations toward its insureds and with due regard for their interest."[31] The court noted that GEICO sought the declaration presumably to "preempt a bad faith claim possibly resulting from any excess judgment against [the insured] in the underlying action."[32] The court then dismissed the plaintiff's claim: "[b]ecause GEICO's action rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all, no justiciable case or controversy exists . . . GEICO may not preemptively carve out a pre-litigation position and seek a declaratory judgment concerning it."[33]

In response, the Plaintiff argues that there is a real controversy because the parties currently disagree as to whether Chadwick's letter constituted a proper "time-limited settlement offer."[34] This misunderstands what is required to establish standing. It is not enough to show that there is a current *disagreement* over the answer

---

[30]    No. 8:06-CV-559-T-23TGW, 2006 WL 1995178 (M.D. Fla. July 14, 2006).

[31]    <u>Id.</u> at *1.

[32]    <u>Id.</u>

[33]    <u>Id.</u> (internal quotation marks omitted).

[34]    Pl.'s Resp. Br., at 12-13.

to a legal or factual question. As explained earlier, the Plaintiff must show that a judicial response to that legal or factual question will resolve an imminent controversy that poses some risk of injury. Because the Plaintiff has failed to do so, it lacks standing to seek the requested declarations.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants Mitchell Chadwick and Linda Chadwick's Motion to Dismiss [Doc. 13].

SO ORDERED, this 18 day of December, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge